UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LAWRENCE R. WRIGHT** | **CIVIL ACTION NO. 16-191-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **OFFICER FAIR, ET AL.** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Lawrence R. Wright ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 10, 2016. Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, when he filed this action. He names Officer Fair, Robert Wyche, T. Englade, and Steven Prator as defendants.

Plaintiff claims that on January 14, 2016, he was awakened by Officer Fair yelling at another inmate. He claims he jumped from his sleep on the top bunk and fell to the floor. He claims he was covered in blood. He claims his cellmate called for help and he was walked to the medical unit where he was examined by a doctor.

Plaintiff claims his eyes are still bloodshot and he has trouble focusing. He claims two of his teeth were chipped during the fall and still hurt when he eats anything that is hot

or cold. He claims the left side of his face is still tender to the touch. He claims he also has headaches and back and knee pain. Plaintiff admits that the doctor prescribed Ibuprofen for his pain. Plaintiff claims that since his accident, he is anxious in closed spaces and fears that he will be attacked.

Plaintiff claims he was injured because Officer Fair yelled and there were no rails or a ladder on his bed.

Accordingly, Plaintiff seeks monetary, compensatory, and punitive damages, fees, and expenses.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was deliberately indifferent. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff claims he was awakened from his sleep by Officer Fair yelling at another inmate and he fell from his top bunk which did not have rails or a ladder. The court finds that an officer yelling while inmates are asleep and a top bunk without rails or a ladder do not create a substantial risk of serious harm. Thus, Plaintiff's claims have failed to satisfy the first component of an Eighth Amendment claim. The court further finds that prison

officials did not act with deliberate indifference. Thus, Plaintiff's claim has also failed to satisfy the second component of an Eighth Amendment claim.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 24th day of March 2016.

_____
Karen L. Hayes, U.S. Magistrate Judge